**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**August 10, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MIGUEL GABINO TRUJILLO, a/k/a
Lucio Gabino Trujillo, a/k/a Miguel Angel
Gabino, a/k/a Miguel Gabino-Trujillo,
a/k/a Miguel Gabino, a/k/a Miguel
Gambino, a/k/a Lucio Trujillo, a/k/a
Miguel Trujillo,

    Defendant - Appellant.

No. 26-5008
(D.C. No. 4:25-CR-00265-SEH-1)
(N.D. Okla.)

_____

### ORDER AND JUDGMENT[*]

_____

Before **TYMKOVICH**, **PHILLIPS**, and **FEDERICO**, Circuit Judges.

_____

Miguel Trujillo pleaded guilty to Unlawful Reentry of a Removed Alien, in
violation of 8 U.S.C. § 1326(b)(2).  The district court accepted his plea and sentenced
him to a below-Guidelines prison term of forty-six months.  He now argues his
sentence is unreasonable because the district court relied on facts related to his

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

criminal history that were disclosed for the first time when the court announced its sentence.  Exercising jurisdiction under 28 U.S.C. § 1291, we **AFFIRM**.

## I.    Background

Tulsa Police Department officers arrested Trujillo in June 2025 for obstructing an officer and unlawful possession of a controlled drug.  The officers' post-arrest records search revealed that Trujillo was a previously removed alien who lacked permission to reenter the United States.  A grand jury indicted him for unlawful reentry under 8 U.S.C. § 1326, and he pleaded guilty.

Trujillo has a record of unlawful entry and drug crimes.  He first entered the country before 1990 and was removed in 2015 after he was convicted for unlawful possession of a controlled substance and obstruction of a police officer in Tulsa County, Oklahoma.  Just weeks after his removal, Trujillo was arrested for unlawfully reentering the country.  He pleaded guilty and was again deported in August.  In May 2021, an Oklahoma Highway Patrol trooper arrested Trujillo for attempting to leave the scene of a traffic stop.  A search revealed Trujillo possessed cocaine, and he eventually pleaded guilty to unlawful possession.  Two days after his arrest, while released on bond, Trujillo used his cellphone to arrange for the delivery of 493 grams of cocaine.  He was arrested in December 2021 on drug conspiracy and trafficking charges and later pleaded guilty to using a communication facility in committing, causing, and facilitating the commission of a drug trafficking felony.  In December 2023, a federal court in Oklahoma sentenced Trujillo to time served, and he was removed to Mexico the next week.  Most recently, in June 2025, officers

arrested Trujillo after identifying him in the passenger seat of a vehicle. While apprehending him, police discovered two baggies of cocaine on Trujillo's person.

Prior to the sentencing hearing for Trujillo's 2025 unlawful reentry, the United States Probation Office calculated an advisory Sentencing Guidelines range of fifty-seven to seventy-one months. Trujillo moved for a non-Guidelines sentence of thirty months, which the government opposed.

At Trujillo's sentencing hearing, the district court adopted the factual findings in the Presentence Investigation Report (PSR) without objection. It then granted Trujillo's motion in part and sentenced him to a below-Guidelines prison term of forty-six months. In handing down the sentence, the court explained that it had considered Trujillo's arguments for an even lighter sentence but was troubled by the "lack of respect for the law" evident from his "reentries" and "habitual drug trafficking behavior." R., Vol. III at 41. The court also stated that Trujillo was "someone who clearly has a relationship with a [Drug Trafficking Organization] who has been back in this country not only in violation of the law but then violating the drug trafficking laws of this country." R., Vol. III at 41. These considerations made Trujillo's case "a very serious" one. R., Vol. III at 41. The court explained it was choosing a sentence that reflected its "overall consideration of the factors" and communicated that "the laws of this country" would be enforced. R., Vol. III at 41.

After issuing the sentence, the district court solicited Trujillo's input on placement and programming. It then separately asked the government and Trujillo if

they had "anything further." R., Vol. III at 45. Trujillo's attorney responded, "No, Your Honor," and the proceeding concluded. R., Vol. III at 45.

## II.    Discussion

Trujillo argues his sentence is procedurally unreasonable because it was based on facts that he had no chance to contest. He contends that the record does not support the district court's findings that he had engaged in "*habitual* drug trafficking behavior" and "clearly *has* a relationship with a DTO." R., Vol. III at 41 (emphases added). So, he says, the district court must have relied on some extra-record information, which was never disclosed to him, to partially deny his request for a below-Guidelines sentence. And that would violate the requirements of Federal Rule of Criminal Procedure 32(i)(1).

Trujillo did not raise this objection before the district court but argues the issue is nonetheless preserved. We disagree. Trujillo's claim that he had no opportunity to object is belied by the record. After the district court made the contested statements and issued its sentence, Trujillo's attorney spoke to address programming and placement. And before the court ended the hearing, it asked Trujillo's attorney if he had "[a]nything further." R., Vol. III at 45. He responded, "No, Your Honor." R., Vol. III at 45. Trujillo's failure to raise the issue is therefore not excused for lack of opportunity. *See United States v. Wireman*, 849 F.3d 956, 961–62 (10th Cir. 2017).

Even so, Trujillo asks us to overlook his failure to object because the court's error was one he could not be expected to anticipate. But even assuming the

unforeseeable-error doctrine is still good law, it does not apply here.  *See United States v. Martinez-Barragan*, 545 F.3d 894, 899 n.1 (10th Cir. 2008).  Trujillo and his attorney acknowledged they had reviewed the PSR before the hearing.  That report includes Trujillo's conviction for using a communication facility to facilitate a drug trafficking felony and his multiple convictions for drug possession.  So it was entirely foreseeable that factual issues related to those offenses, and Trujillo's possible dealings with drug trafficking organizations, would come up at his sentencing.  If Trujillo believed the district court mischaracterized those facts, he could have objected when given the opportunity.

Since Trujillo did not preserve his objection, we review for plain error.  *United States v. Lucero*, 130 F.4th 877, 884 (10th Cir. 2025).  "We find plain error only when there is: '(1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings.'"  *Id.* (quoting *United States v. Romero*, 491 F.3d 1173, 1178 (10th Cir. 2007)).

The district court did not err.  Trujillo's theory that the district court relied on undisclosed extra-record information presupposes that the district court's factual statements were unsupported by the record.  In other words, Trujillo must first show that the statements were clearly erroneous.  *See United States v. Maestas*, 642 F.3d 1315, 1319 (10th Cir. 2011).  And given Trujillo's pattern of unlawful entries, repeated possession of illegal drugs, and his prior drug trafficking offense, the record has ample support for an inference that he had engaged in "drug trafficking

5

*behavior*." R., Vol. III at 45 (emphasis added). While it is true that Trujillo has only one conviction for a drug trafficking crime, "behavior" is an expansive term that embraces more than specific convictions and charges. Whether his behavior qualifies as "habitual" is a closer question, but the district court's characterization is not totally "without factual support in the record." *Maestas*, 642 F.3d at 1319. Similarly, Trujillo's past offenses support a plausible inference that he has some sort of relationship with a drug trafficking organization. Because the district court's findings were not clearly erroneous, we have no reason to suspect it went outside the record and violated Trujillo's right to notice.

But even assuming error, Trujillo's challenge fails because he has not proven an effect on his substantial rights. "An error does not affect substantial rights unless it is prejudicial, meaning there is 'a reasonable probability that, but for the error claimed, the result of the proceeding would have been different.'" *Lucero*, 130 F.4th at 886 (quoting *United States v. Gonzalez-Huerta*, 403 F.3d 727, 733 (10th Cir. 2005)). Trujillo bears the burden to establish prejudice to substantial rights because he failed to raise the issue below. *Id.* He may do so by "demonstrating a reasonable probability that had the district court applied the [proper] sentencing framework, he would have received a lesser sentence.'" *Id.* (alteration in original) (quoting *United States v. Trujillo-Terrazas*, 405 F.3d 814, 819 (10th Cir. 2005)).

According to Trujillo, "[t]he undisclosed, unproved facts were pivotal to the district court's rejection of [his] request for a variance to 30 months." Aplt. Br. 14. We think that overstates the case. Assuming the district court should not have

6

characterized Trujillo's record as showing "habitual drug trafficking behavior" and suggesting "a relationship with a DTO," R., Vol. III at 41, it nevertheless would have considered the case "very serious" without those findings. The district court said that it based its sentence on its consideration of the "Section 3553(a) factors" including "the nature of the offense, the Defendant's criminal history and his personal characteristics." R., Vol. III at 40. It highlighted Trujillo's "serious criminal history," "history of substance abuse," and "history of habitual reentry." R., Vol. III at 40. And it considered "the Defendant's arguments regarding what the appropriate range is . . . as part of [its] overall consideration of the factors." R., Vol. III at 41. In judging the case to be very serious, it noted that Trujillo "has been back in this country not only in violation of the law but then violating the drug trafficking laws of this country." R., Vol. III at 41. So while the district court determined some downward variance was warranted, there is not a reasonable probability that it would have reduced Trujillo's sentence even further if not for its allegedly erroneous statements.

In sum, Trujillo's challenge to his sentence fails on either the error or substantial-rights prong of plain-error review.

7

### III.   Conclusion

For the foregoing reasons, we affirm the district court's judgment.


Entered for the Court


Timothy M. Tymkovich
Circuit Judge